UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY BEST; and GWENDOLYN
STEPHENSON, individually and on
behalf of all others similarly situated,

                Plaintiffs,

v.

GUIDEPOSTS A CHURCH
CORPORATION,

                Defendant.

_____/

Case No. 2:21-cv-11791-AJT-EAS

Hon. Arthur J. Tarnow
Magistrate Judge Elizabeth A.
Stafford

## DEFENDANT'S MOTION TO DISMISS

Defendant Guideposts a Church Corporation ("Defendant" or "Guideposts"), by its undersigned counsel, respectfully moves for an order dismissing Plaintiffs' First Amended Class Action Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). Defendant relies on the accompanying brief and declaration in support of this Motion.

Defendant's counsel herby certifies that, on January 11, 2022, it conferred with Plaintiffs' counsel about this Motion pursuant to Local Rule 7.1(a). Plaintiffs' counsel advised that it would not concur in the relief sought in this Motion, thus necessitating the filing of this Motion.

Dated: January 11, 2022                              Respectfully submitted,


                                                       /s/ Jeffrey Landis
                                                      Jacob A. Sommer (DC Bar 494112)
                                                      Jeffrey Landis (DC Bar 489567)
                                                      ZWILLGEN PLLC
                                                      1900 M Street NW, Suite 250
                                                      Washington, DC 20036
                                                      (202) 296-3585
                                                      jake@zwillgen.com
                                                      jeff@zwillgen.com

                                                      David Anderson (P55258)
                                                      COLLINS EINHORN FARRELL PC
                                                      4000 Town Center, 9th Floor
                                                      Southfield, MI 48075
                                                      (248) 351-4141
                                                      David.Anderson@ceflawyers.com

                                                      *Attorneys for Defendant Guideposts*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY BEST; and GWENDOLYN
STEPHENSON, individually and on
behalf of all others similarly situated,

                    Plaintiffs,

v.

GUIDEPOSTS A CHURCH
CORPORATION,

                    Defendant.

_____/

Case No. 2:21-cv-11791-AJT-EAS

Hon. Arthur J. Tarnow
Magistrate Judge Elizabeth A. Stafford

**DEFENDANT'S BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS**

## ISSUES PRESENTED

This Motion to Dismiss presents two issues:

1.  Did Plaintiffs timely bring an action under the Michigan Video Rental Privacy Act within the three-year statute of limitations governing privacy torts under Mich. Comp. Laws § 600.5805(2)?

2.  If Plaintiffs are pleading a bare statutory violation of the Michigan Video Rental Privacy Act, can they establish standing under Article III of the U.S. Constitution?

**CONTROLLING OR MOST IMPORTANT AUTHORITY**

The controlling authority for this Motion includes:

1.  Mich. Comp. Laws § 600.5805(2)

2.  *Local 1064  v. Ernst & Young*, 535 N.W.2d 187 (Mich. 1995)

3.  *Green v. Lansing Automakers Fed. Credit Union*, No. 342373, 2019 WL 3812108 (Mich. Ct. App. Aug. 13, 2019)

4.  *Derderian v. Genesys Health Care Sys.*, 689 N.W.2d 145 (Mich. Ct. App. 2004)

5.  *Coulter-Owens v. Time Inc.*, 695 F. App'x 117 (6th Cir. 2017)

6.  *Garden City Osteopathic Hosp. v. HBE Corp.*, 55 F.3d 1126 (6th Cir. 1995)

7.  *Huhtala v. Travelers Ins. Co.*, 257 N.W.2d 640 (Mich. 1977)

8.  *Rhule v. Armstrong*, 187 N.W.2d 223 (Mich. 1971), *overruled on other grounds*, *Hawkins v. Reg'l Med. Lab'ys, P.C.*, 329 N.W.2d 729, 736 (Mich. 1982)

9.  *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190 (2021)

## TABLE OF CONTENTS

ISSUES PRESENTED ........................................................................... i

CONTROLLING OR MOST IMPORTANT AUTHORITY .................................. ii

TABLE OF AUTHORITIES ................................................................. iv

INTRODUCTION .............................................................................1

BACKGROUND ..............................................................................2

ARGUMENT ..................................................................................3

   I.       PLAINTIFFS' CLAIMS ARE TIME-BARRED ................................3

      A.   A Three-Year Limitations Period Governs All Actions for Injury to a Person, Including Invasion of Privacy Claims. ...................................3

      B.   An Action Under the Video Privacy Act Is One Seeking Damages "for Injury to a Person." ........................................................5

      C.   That Plaintiffs Seek Recovery for Personal Injury Under the Video Privacy Act Does Not Alter the Statute of Limitations. ......................9

   II.      PLAINTIFFS LACK ARTICLE III STANDING .............................14

      A.   If Plaintiffs Allege a Bare Statutory Violation, They Have No Basis for Article III Standing. ........................................................14

      B.   Plaintiff Stephenson Did Not Subscribe in the Relevant Period and Thus Lacks Standing. ........................................................15

CONCLUSION ..............................................................................16

## TABLE OF AUTHORITIES

Page(s)

**<u>Cases</u>**

*Arent v. Hatch*,
    349 N.W.2d 536 (Mich. Ct. App. 1984)..........................................................5

*Boelter v. Advance Mag. Publishers Inc. (Condé Nast)*,
    210 F. Supp. 3d 579 (S.D.N.Y. 2016) ............................................................6

*Boelter v. Hearst Commc'ns, Inc.*,
    269 F. Supp. 3d 172 (S.D.N.Y. 2017) ............................................................9

*Citizens for Pretrial Just. v. Goldfarb*,
    327 N.W.2d 910 (Mich. 1982) ....................................................................12

*Consol. Rail Corp. v. Yashinsky*,
    170 F.3d 591 (6th Cir. 1999) .........................................................................3

*Cooper v. Team Wellness (Mental Health) Services Supervisor*,
    No. 18-1162, 2018 WL 7360647 (6th Cir. Oct. 11, 2018)..............................5

*Coulter-Owens v. Time Inc.*,
    695 F. App'x 117 (6th Cir. 2017)................................................................ 6-7

*Dabish v. McMahon*,
    818 F. App'x 423 (6th Cir. 2020)................................................................12

*Derderian v. Genesys Health Care Sys.*,
    689 N.W.2d 145 (Mich. Ct. App. 2004)........................................................4

*DiPonio Const. Co., Inc. v. Rosati Masonry Co., Inc.*,
    631 N.W.2d 59 (Mich. Ct. App. 2001)........................................................13

*Dole Food Co. v. Patrickson*,
    538 U.S. 468 (2003)....................................................................................11

*Edwards v. Hearst Commc'ns, Inc.*,
    No. 15-cv-9279, 2016 WL 6651563 (S.D.N.Y. Nov. 9, 2016).................. 8-9

iv

*Eichenberger v. ESPN, Inc.*,
    876 F.3d 979 (9th Cir. 2017) ...........................................................................7

*Gallagher v. Chrysler Corp.*,
    613 F.2d 167 (6th Cir. 1980) ................................................................ 12-13

*Garden City Osteopathic Hosp. v. HBE Corp.*,
    55 F.3d 1126 (6th Cir. 1995) ........................................................................12

*Garg v. Macomb Cty. Cmty. Mental Health Servs.*,
    696 N.W.2d 646 (Mich. 2005) .....................................................................12

*Green v. Lansing Automakers Fed. Credit Union*,
    No. 342373, 2019 WL 3812108 (Mich. Ct. App. Aug. 13, 2019) ...........5, 12

*Halaburda v. Bauer Publ'g Co., LP*,
    No. 12-CV-12831, 2013 WL 4012827 (E.D. Mich. Aug. 6, 2013) ...............5

*Herrin v. Dunham*,
    481 F. Supp. 2d 854 (E.D. Mich. 2007) ........................................................4

*Huhtala v. Travelers Ins. Co.*,
    257 N.W.2d 640 (Mich. 1977) ................................................................ 11-12

*In re Vizio, Inc. Consumer Privacy Litig.*,
    238 F. Supp. 3d 1204 (C.D. Cal. 2017).........................................................7

*Lin v. Crain Commc'ns Inc.*,
    No. 19-11889, 2020 WL 248445 (E.D. Mich. Jan. 16, 2020)....................5, 7

*Local 1064 v. Ernst & Young*,
    535 N.W.2d 187 (Mich. 1995) ..................................................................4, 10

*Magee v. DaimlerChrysler Corp.*,
    693 N.W.2d 166 (Mich. 2005) .....................................................................12

*Marks v. Hulstrom*,
    No. 294453, 2010 WL 2134303 (Mich. Ct. App. May 27, 2010).................12

*McCree v. Cont'l Mgmt., LLC*,
　　No. 351171, 2021 WL 1050115 (Mich. Ct. App. Mar. 18, 2021) ...............12

*Moeller v. Am. Media, Inc.*,
　　235 F. Supp. 3d 868 (E.D. Mich. 2017) ....................................................6, 7

*Monette v. AM-7-7 Baking Co.*,
　　929 F.2d 276 (6th Cir. 1991) ........................................................................3

*Nat'l Sand, Inc. v. Nagel Construction, Inc.*,
　　451 N.W.2d 618 (Mich. Ct. App. 1990)..................................................4, 13

*Owens v. Okure*,
　　488 U.S. 235 (1989)....................................................................................13

*Palmer Park Square, LLC v. Scottsdale Ins. Co.*,
　　878 F.3d 530 (6th Cir. 2017) ................................................................ 13-14

*Perlin v. Time Inc.*,
　　237 F. Supp. 3d 623 (E.D. Mich. 2017) ......................................................6

*Perry v. Cable News Network, Inc.*,
　　854 F.3d 1336 (11th Cir. 2017) ....................................................................7

*Rhule v. Armstrong*,
　　187 N.W.2d 223 (Mich. 1971) ...............................................................11, 12

*Smith v. Asphalt Specialists, Inc.*,
　　No. 190555, 1997 WL 33344052 (Mich. Ct. App. Oct. 17, 1997) ............ 4-5

*Spokeo, Inc. v. Robins*,
　　578 U.S. 330 (2016)................................................................................14, 15

*TransUnion LLC v. Ramirez*,
　　141 S. Ct. 2190 (2021)....................................................................... 1, 14-15

*Yershov v. Gannet Satellite Info. Network, Inc.*,
　　204 F. Supp. 3d 353 (D. Mass. 2016)........................................................ 7-8

## Statutes

18 U.S.C. § 2710 ................................................................................................7

42 U.S.C. § 1983 ..............................................................................................13

Mich. Comp. Laws § 445 (Refs & Annos) ..................................................2, 5

Mich. Comp. Laws §§ 445.1711 *et seq.* .........................................................1

Mich. Comp. Laws § 445.1712(1) ...................................................................6

Mich. Comp. Laws § 445.1715 ........................................................................2

Mich. Comp. Laws § 570.151 .........................................................................13

Mich. Comp. Laws § 600.5805(1) ...................................................................3

Mich. Comp. Laws § 600.5805(2) ...........................................................*passim*

Mich. Comp. Laws § 600.5813 ............................................................. 9-11, 13

## Other Authorities

Fed. R. Civ. P. 12(b) ......................................................................................16

1988 Mich. Pub. Act No. 378 ..........................................................................5

1989 Mich. Pub. Act. No. 206,
    codified at Mich. Comp. Laws § 445.1715(2)(a) ...................................... 2-3

*Markham et al. v. National Geographic Partners, LLC*, Plaintiff's Response to
National Geographic Partner's LLC's Pre-Motion Conference Request, No. 1:19-
cv-00232 (W.D. Mich. Dec. 17, 2019), ECF No. 26 ................................................9

*Rentola v. Dow Jones & Co., Inc.*, Plaintiffs' Response to Defendant's
Motion to Dismiss, No. 4:20-cv-11589-SDD-EAS (E.D. Mich. Sept. 8, 2020),
ECF No. 12 ......................................................................................................9

## INTRODUCTION

Plaintiffs assert a traditional personal injury, invasion of privacy, based on alleged disclosure of their "Private Reading Information" by Guideposts.  Plaintiffs bring this single claim for invasion of privacy under the pre-July 30, 2016 version of Michigan's Video Rental Privacy Act ("VRPA" or "Video Privacy Act"), Mich. Comp. Laws §§ 445.1711 *et seq.*  But under Michigan law, all actions "for injury to a person"—including invasions of personal privacy like those Plaintiffs assert— are governed by the three-year statute of limitations in Mich. Comp. Laws § 600.5805(2).  The statute of limitations thus expired for any claim under the pre-July 30, 2016 version of the Video Privacy Act on July 30, 2019.  Plaintiffs' claims, filed on August 4, 2021, are barred by the statute of limitations.

Even if Plaintiffs' Video Privacy Act claim is somehow not a claim "for injury to a person," Plaintiffs lack standing because they have not shown concrete harm sufficient to satisfy Article III in accordance with the Supreme Court's recent decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021).  Either way, Plaintiffs' First Amended Complaint ("FAC" or "Complaint") should be dismissed.[1]

---

[1] Counsel for the plaintiffs have filed many virtually identical putative class actions under the VRPA against various publishers in the Eastern and Western Districts of Michigan, many of which are likely to present similar issues for adjudication.  For

1

### BACKGROUND

Guideposts is a nonprofit organization with the mission of inspiring people to realize personal and spiritual fulfilment in their everyday lives.[2]  Co-founded in 1945 by a husband and wife duo to publish a single magazine, today the organization distributes a range of uplifting, faith-based works, including daily devotionals, novels, and *Guideposts* magazine.[3]

On August 4, 2021, Plaintiff Shannon Taylor sued Guideposts on behalf of herself and a putative class of subscribers to *Guideposts* magazine.  On December 6, 2021, an Amended Complaint was filed substituting Beverly Best and Gwendolyn Stephenson for Ms. Taylor as the named Plaintiffs.  The FAC alleges a single cause of action:  that Guideposts violated the Michigan Video Rental Privacy Act over five years ago.

By its enacting clause, the Video Privacy Act is intended "to preserve personal privacy with respect to the purchase, rental, or borrowing of certain materials," Mich. Comp. Laws § 445 (Refs & Annos), and provides a private right of action, *id.* § 445.1715.  While the 1989 version of the statute permitted recovery

---

example, the defendant in *Pratt v. Outdoor Sportsman Group, Inc.*, No. 1:21-cv-11404-TLL-PTM, moved to dismiss raising similar arguments.

[2] Our History & Founders, Guideposts, https://www.guideposts.org/how-we-help/our-mission/our-history-founders (last visited Jan. 5, 2022).

[3] *Id.*

2

of actual damages or statutory damages amounting to $5,000.00, the Michigan

Legislature eliminated the statutory damages provision effective July 31, 2016.

1989 Mich. Pub. Act. No. 206 (codified at Mich. Comp. Laws § 445.1715(2)(a)

until amended by 2016 Mich. Pub. Act No. 92).  In an attempt to leverage the

statutory damages provision exclusively in the 1989 version of the VRPA,

Plaintiffs' claim for statutory damages under the VRPA is based exclusively on

conduct occurring before July 31, 2016.

**ARGUMENT**

## I.    PLAINTIFFS' CLAIMS ARE TIME-BARRED

### A.    A Three-Year Limitations Period Governs All Actions for Injury to a Person, Including Invasion of Privacy Claims.

When this Court sits in diversity, it applies Michigan's statutes of

limitations.  *Consol. Rail Corp. v. Yashinsky*, 170 F.3d 591, 594 (6th Cir. 1999).  In

construing state law, "a federal court must apply state law in accordance with the

then controlling decision of the highest state court."  *Monette v. AM-7-7 Baking

Co.*, 929 F.2d 276, 280–81 (6th Cir. 1991) (internal quotation marks omitted).

In Michigan, all claims for "injury to a person" must be brought within three

years.  Michigan Compiled Laws § 600.5805(1) provides that "[a] person shall not

bring or maintain an action to recover damages for injuries to persons or property

unless . . . the action is commenced within the periods of time prescribed by this

section."  And that "the period of limitations is 3 years after the time of the death

3

or injury for all actions to recover damages for the death of a person or for injury to a person or property." *Id.* § 600.5805(2); *see also Local 1064 v. Ernst & Young*, 535 N.W.2d 187, 189 (Mich. 1995) (describing as the "three-year 'residual' tort statute" the predecessor provision to § 600.5805(2)); *Herrin v. Dunham*, 481 F. Supp. 2d 854, 857 (E.D. Mich. 2007) (applying the three-year statute of limitations to claims under 42 U.S.C. § 1983 because, "[i]n Michigan, one statute of limitations applies to all personal injury claims").

Consistent with this precedent, Michigan courts routinely conclude that § 600.5805(2)'s three-year limitations period governs claims asserting an invasion of privacy. Michigan courts "take[] an expansive view of what constitutes 'injuries to persons,'" defining the term broadly to "includ[e] 'invasions of rights that inhere in man as a rational being.'" *Nat'l Sand, Inc. v. Nagel Constr., Inc.*, 451 N.W.2d 618, 621-22 (Mich. Ct. App. 1990). In *Derderian v. Genesys Health Care Systems*, the court applied § 600.5805(2) to allegations that the defendants wrongfully published reports about plaintiffs, reasoning that claims of false light invasion of privacy fall under "the general 'injury to person' limitation period, three years." 689 N.W.2d 145, 159-60 (Mich. Ct. App. 2004). Again in *Smith v. Asphalt Specialists, Inc.*, the court applied the three-year limitations period to the plaintiff's invasion of privacy claim stemming from defendants' alleged "disclos[ure] [of] private, embarrassing facts about her to the public." No. 190555,

4

1997 WL 33344052, at *4 (Mich. Ct. App. Oct. 17, 1997) (per curiam).  Time and

again, Michigan courts have held that "[t]he period of limitation applicable to a

claim of invasion of privacy is three years" under § 600.5805(2).  *Id.*; *see also*

*Green v. Lansing Automakers Fed. Credit Union*, No. 342373, 2019 WL 3812108,

at *5 (Mich. Ct. App. Aug. 13, 2019) (per curiam) (applying the three-year

limitation period to invasion of privacy claim); *Arent v. Hatch*, 349 N.W.2d 536,

539 (Mich. Ct. App. 1984) (per curiam) (same); *Cooper v. Team Wellness (Mental*

*Health) Servs. Supervisor*, No. 18-1162, 2018 WL 7360647, at *2 (6th Cir. Oct.

11, 2018) (same).

### B.    An Action Under the Video Privacy Act Is One Seeking Damages "for Injury to a Person."

Video Privacy Act claims are invasion of privacy claims seeking damages

for "injury to a person."  The Video Privacy Act is "AN ACT to preserve personal

privacy with respect to the purchase, rental, or borrowing of certain materials."

Mich. Comp. Laws § 445 (Refs & Annos). [4]  To further the intent to "preserve

---

[4] Courts have also held that the VRPA addresses concerns related to an "unwarranted invasion of privacy" and added a civil damages provision in 1989 to provide damages for violations that result in invasion of privacy.  *Lin v. Crain Commc'ns Inc.*, No. 19-11889, 2020 WL 248445, at *2 (E.D. Mich. Jan. 16, 2020); *see also Halaburda v. Bauer Publ'g Co., LP*, No. 12-CV-12831, 2013 WL 4012827, at *6 (E.D. Mich. Aug. 6, 2013) (observing the VRPA "was created by [the Michigan] legislature to protect individual consumers from certain disclosures of their personal information"); 1988 Mich. Pub. Act No. 378 (VRPA is "[a]n act to preserve personal privacy with respect to the purchase, rental, or borrowing of certain materials; and to provide penalties and remedies for violation of this act").

personal privacy," the statute codifies the invasion of privacy tort in the context of video rental and reading materials.  The VRPA prohibits a person engaged in the business of selling, renting, or lending written materials from "knowingly disclos[ing] to any person, other than the customer, a record or information that personally identifies the customer as having purchased, leased, rented, or borrowed those materials from the person engaged in the business."  *Id.* § 445.1712(1).

Michigan's VRPA codifies a traditional tort action for invasion of privacy. *See Perlin v. Time Inc.*, 237 F. Supp. 3d 623, 641 (E.D. Mich. 2017) ("[T]he right guaranteed by the VRPA is similar in kind to other privacy rights that were gradually recognized by American courts . . . ."); *Moeller v. Am. Media, Inc.*, 235 F. Supp. 3d 868, 873 (E.D. Mich. 2017) ("Subscribers' right to privacy in their personal-reading information is grounded in an interest 'traditionally regarded as providing a basis for a lawsuit in English or American courts.'"); *Boelter v. Advance Mag. Publishers Inc. (Condé Nast)*, 210 F. Supp. 3d 579, 590 (S.D.N.Y. 2016) ("[T]he harms contemplated by [the VRPA and VPPA] have close ties to those recognized by the common law tort of invasion of privacy.").  Thus, to state a claim, a plaintiff must allege that the defendant (among other things) knowingly disclosed her private purchasing information—an allegation for invasion of privacy.  *See, e.g.*, *Coulter-Owens v. Time Inc.*, 695 F. App'x 117, 119 (6th Cir. 2017) (finding that plaintiff claimed "an invasion of privacy in violation of

Michigan's Preservation of Personal Privacy Act"); *Moeller*, 235 F. Supp. 3d at

873 (observing that violations of the Video Privacy Act are "invasion[s] of

plaintiffs' privacy"); *Lin v. Crain Commc'ns Inc.*, No. 19-11889, 2020 WL

248445, at *5 (E.D. Mich. Jan. 16, 2020) (holding that the Video Privacy Act

concerns "invasion[s] of a legally protected privacy interest").

Federal courts have held that the VRPA's federal counterpart, the Video

Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, also codifies privacy torts.

*See* FAC ¶¶ 19-20; *see, e.g.*, *Perry v. Cable News Network, Inc.*, 854 F.3d 1336,

1340-41 (11th Cir. 2017) ("[T]he VPPA's creation of a cause of action for this type

of an invasion of privacy 'has a close relationship to a harm that has traditionally

been regarded as providing a basis for a lawsuit in English or American courts.'");

*Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 983 (9th Cir. 2017) ("[The VPPA]

codifies a context-specific extension of the *substantive* right to privacy."); *In re*

*Vizio, Inc., Consumer Privacy Litig.*, 238 F. Supp. 3d 1204, 1216 (C.D. Cal. 2017)

("Plaintiffs' VPPA claims are even more deeply rooted in the common law.

Warren and Brandeis traced the development of the tort of invasion of privacy in

part to cases involving the disclosure of information in breach of a confidential

relationship."); *Yershov v. Gannet Satellite Info. Network, Inc.*, 204 F. Supp. 3d

353, 362 (D. Mass. 2016) ("Both the common law and the literal understandings of

7

privacy encompass the individual's control of information concerning his or her person.").

Not surprisingly, the Complaint is rife with allegations that Plaintiffs suffered harms resulting from the invasion of privacy and seeks damages for injuries to a person.  Plaintiffs assert that "Guideposts . . . jeopardize[s] its subscribers' privacy and well-being," FAC ¶ 34; that disclosure of private reading information is a serious threat to "consumers' privacy," *id.* ¶ 29; that such disclosure raises a number of "serious privacy concerns," *id.* ¶ 30; that "Michigan's legislature enacted the [Video Privacy Act] to protect 'privacy with respect to the purchase, rental, or borrowing of certain materials,'" *id.* ¶ 16; and that Guideposts allegedly "disclosed its customers' Private Reading Information – including their reading habits and preferences that can 'reveal intimate facts about our lives, from our political and religious beliefs to our health concerns,'" *id.* ¶ 48. Each of these allegations presumes that Plaintiffs suffered privacy-based harms and injuries to a person—both of which are subject to the three-year statute of limitations under § 600.5805(2).

Given the nature of the claim, federal courts addressing the issue have applied § 600.5805(2)'s three-year limitations period to claims under the Video Privacy Act. *See Edwards v. Hearst Commc'ns, Inc.*, No. 15-cv-9279(AT)(JLC), 2016 WL 6651563, at *1 (S.D.N.Y. Nov. 9, 2016) ("[A] three-year statute of

limitations admittedly governs [plaintiff's] [VRPA] claims."); *Boelter v. Hearst Commc'ns, Inc.*, 269 F. Supp. 3d 172, 187 (S.D.N.Y. 2017) (applying the three-year statute of limitations to VRPA claims).  By contrast, Defendant's counsel is unaware of any decision, reported or unreported, applying a longer, six-year statute of limitations under § 600.5813 to a VRPA claim.  In fact, Plaintiffs' counsel has admitted in other cases that the three-year limitations period applies.[5]

There is no allegation that Plaintiffs suffered any injury other than "injury to a person."  Because Plaintiffs' claim under the Video Privacy Act is one for injury to a person, it is governed by the three-year statute of limitations provided in § 600.5805(2) and, because it is based entirely on conduct occurring before July 31, 2016, it is time-barred.

### C.   That Plaintiffs Seek Recovery for Personal Injury Under the Video Privacy Act Does Not Alter the Statute of Limitations.

Plaintiffs' Complaint assumes that the catch-all six-year statute of limitations, Mich. Comp. Laws § 600.5813, applies simply because Plaintiffs seek

---

[5] For example, in responding to a motion to dismiss in an earlier case, Plaintiffs' counsel stated that "[c]laims under the [VRPA] are subject to a 'three year statute of limitations.'" Plaintiffs' Response to Defendant's Motion to Dismiss at 2, *Rentola v. Dow Jones & Co.*, No. 4:20-cv-11589-SDD-EAS (E.D. Mich. Sept. 8, 2020), ECF No. 12 (citing *Boelter* and Mich. Comp. Laws § 600.5805(2)). Likewise, in *Markham et al. v. National Geographic Partners, LLC*, Plaintiffs' counsel argued that § 600.5805(2)'s three-year limitations period was tolled, without asserting that a six-year statute of limitations applied.  *See* Plaintiff's Response to National Geographic Partners LLC's Pre-Motion Conference Request, No. 1:19-cv-00232-JTN-SJB (W.D. Mich. Dec. 17, 2019), ECF No. 26.

recovery under a statute.  But courts have regularly applied § 600.5805(2) to statutory claims, and applying the six-year statute of limitations would contradict the statute's plain text and Michigan Supreme Court precedent.

Section 600.5813's six-year limitations period for personal actions only applies "unless a different period is stated in the statutes."  Interpreting this straightforward language, the Michigan Supreme Court has held that the six-year statute of limitations does not govern when a more specific statute of limitations— such as those set forth in Section 5805—applies.  *Local 1064*, 535 N.W.2d at 189. It reasoned, "Section 5813 provides the general period of limitation . . . .  Section 5805 is a more specific statute of limitations than § 5813 and therefore controls if applicable to [an] action."  *Id.* at 189-90.  Applied here, because the more specific limitations period in § 600.5805(2) governs Plaintiffs' action, § 600.5813's general provision of last resort does not apply.

The residual provision found in § 600.5813 does not apply to all claims alleging a statutory violation, because such a formulation would run headfirst into the text and structure of Michigan's statutes of limitations.  By its plain language, § 600.5805(2) extends to "all actions" seeking to redress injury to a person, including statutory actions—consistent with § 600.5813's exclusion that it not apply when another limitations period does.  Applying 600.5813 to VRPA claims would render meaningless § 600.5805's application to "all actions" and would

ignore § 600.5813's statutory limitation to only those causes of action that have no

other applicable statute of limtiations.  *See Dole Food Co. v. Patrickson*, 538 U.S.

468, 476-77 (2003) ("[W]e should not construe the statute in a manner that is

strained and, at the same time, would render a statutory term superfluous.").

 Neither has the Michigan Supreme Court endorsed such a construction.  To

the contrary, the state's highest court examines the "nature and origin of an action"

(whether statutory or at common law) in deciding between two limitations periods.

*Huhtala v. Travelers Ins. Co.*, 257 N.W.2d 640, 644-46 (Mich. 1977).  In *Rhule v.*

*Armstrong*, the Michigan Supreme Court examined the "basis of liability" and

"history" of Michigan's Wrongful Death Act to decide the proper limitations

period.  187 N.W.2d 223, 224 (Mich. 1971), *overruled on other grounds*, *Hawkins*

*v. Reg'l Med. Lab'ys, P.C.*, 329 N.W.2d 729, 736 (Mich. 1982).  Upon

"confirm[ing] [its] observation that the Wrongful Death Act is a tort action

founded on injury to persons," the Court held that the general tort statute of

limitations applied.  *Id.* ("Michigan's Wrongful Death Act is premised upon a tort

theory. . . . Since the Wrongful Death Act fails to specify a limitations period, the

general tort statute of limitations contains the proper limitations period for

wrongful death actions.").  In *Huhtala v. Travelers Insurance Co.*, the Michigan

Supreme Court engaged in a long analysis of the substance, theory, and origin of

the plaintiff's claims to determine whether it concerned injury to a person.  257

11

N.W.2d at 644-46.  Likewise in *Citizens for Pretrial Justice v. Goldfarb*, 327 N.W.2d 910 (Mich. 1982), "the Michigan Supreme Court continued its emphasis on the nature and origin of the cause of action as the principal determinant of the applicable limitations period."  *Garden City Osteopathic Hosp. v. HBE Corp.*, 55 F.3d 1126, 1132 (6th Cir. 1995) (discussing *Goldfarb*, 327 N.W.2d at 913-15).  Based on such precedent, the Sixth Circuit concluded that "that the Michigan Supreme Court will examine the 'nature and origin' of a claim to determine the applicable limitations period."  *Id.* at 1132-33.

Additionally, Michigan courts and the Sixth Circuit routinely apply § 600.5805(2) to *statutory* claims where the violation resulted in injury to persons or property.  *See, e.g.*, *Rhule*, 187 N.W.2d at 224 (Michigan's Wrongful Death Act); *Garg v. Macomb Cty. Cmty. Mental Health Servs.*, 696 N.W.2d 646, 659 (Mich. 2005) (Michigan Civil Rights Act); *Magee v. DaimlerChrysler Corp.*, 693 N.W.2d 166, 168 (Mich. 2005) (per curiam) (same); *McCree v. Cont'l Mgmt., LLC*, No. 351171, 2021 WL 1050115, at *7 (Mich. Ct. App. Mar. 18, 2021) (per curiam) (Housing Act of Michigan and Truth in Renting Act); *Green*, 2019 WL 3812108, at *4 (Elliot-Larsen Civil Rights Act); *Marks v. Hulstrom*, No. 294453, 2010 WL 2134303, at *1 (Mich. Ct. App. May 27, 2010) (per curiam) (statutory nuisance claim); *Dabish v. McMahon*, 818 F. App'x 423, 427 (6th Cir. 2020) (ethnic intimidation under Mich. Comp. Laws § 750.147b); *Gallagher v. Chrysler*

12

*Corp.*, 613 F.2d 167, 168 (6th Cir. 1980) (Labor Management Relations Act of 1947).  So too has the Supreme Court held that the state statute of limitation for personal injury actions, citing § 600.5805(2) as an example, governs federal civil rights claims brought under 42 U.S.C. § 1983.  *See Owens v. Okure*, 488 U.S. 235, 244 (1989).  If § 600.5805(2) covers alleged statutory violations of § 1983, it cannot exclude statutory causes of action as a matter of course.  Plaintiffs' reading would contradict the Supreme Court's holding in *Owens*.

Lower court decisions do not call into doubt binding Sixth Circuit and Michigan Supreme Court law.  *Cf. DiPonio Const. Co. v. Rosati Masonry Co.*, 631 N.W.2d 59 (Mich. Ct. App. 2001); *Nat'l Sand, Inc.*, 451 N.W.2d at 625.  The Michigan intermediate court in *DiPonio* ruled that the cause of action at issue there, brought under the Michigan Builders' Trust Fund Act, Mich. Comp. Laws § 570.151, was subject to the six-year limitations period in § 600.5813 because it was not rooted in tort concepts and did not provide a remedy for a personal injury. *DiPonio* and *National Sand* both recognized that § 600.5805 applies to actions for personal injuries, including traditional tort claims.  *DiPonio*, 631 N.W.2d at 65; *Nat'l Sand*, 451 N.W.2d at 621-22; *see also Palmer Park Square, LLC v. Scottsdale Ins. Co.*, 878 F.3d 530, 540 (6th Cir. 2017) ("[T]he limitations periods set out in § 600.5805 apply" to "actions to redress injuries resulting from

13

traditional torts . . . .").  That is the case here, given that Plaintiffs' claim under the Video Privacy Act sounds in tort.

Put another way, the Michigan Legislature did not double the limitations period for invasion of privacy claims by enacting the VRPA.  A claim under the Video Privacy Act is a claim for injury to a person even though it is codified in a statute.  Plaintiffs commenced this action on August 4, 2021, well beyond the three-year limitations period.  Because they failed to file the Complaint within three years, Plaintiffs' claims as well as those of the putative class are time-barred. The Complaint should be dismissed with prejudice.

## II.     PLAINTIFFS LACK ARTICLE III STANDING

### A.     If Plaintiffs Allege a Bare Statutory Violation, They Have No Basis for Article III Standing.

To the extent that Plaintiffs argue that their action is not one to recover damages for a personal injury, they should be dismissed for lack of Article III standing.  To establish Article III standing, a plaintiff must show, at a minimum, "that he suffered an injury in fact that is concrete, particularized, and actual or imminent."  *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021).  The injury in fact may not be "conjectural or hypothetical."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016).  In *TransUnion*, the Supreme Court dispelled the notion that "a plaintiff [could] automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right."  141 S. Ct. at 2205 (internal quotation

marks omitted).  Rather, when faced with a statutory claim, courts have the "responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III."  *Id.*  In determining the existence of an injury in fact, the court must "assess whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts."  *Id.* at 2204 (citing *Spokeo*, 578 U.S. at 341).  "That inquiry asks whether plaintiffs have identified a close historical or common-law analogue for their asserted injury."  *Id.*

As in *TransUnion*, Plaintiffs here have Article III standing to assert their claim for statutory damages only if they allege a personal injury that is closely analogous to a traditional tort injury.  If the plaintiffs assert that they are pursuing a purely statutory claim that does not amount to an injury to a person, then they lack standing to bring it under *TransUnion*.  On the other hand, if Plaintiffs seek to establish standing by arguing that their Video Privacy Act claim is a claim for personal injury, then their action is time-barred under § 600.5805(2).  Either way, Plaintiffs' claims must be dismissed.

### B.  Plaintiff Stephenson Did Not Subscribe in the Relevant Period and Thus Lacks Standing.

The FAC alleges that Gwendolyn Stephenson subscribed to *Guideposts Magazine* during the purported relevant period, August 4, 2015 to July 30, 2016.  FAC ¶ 10.  Subscriber records maintained by Guideposts show no subscriber by

that name during the relevant period.  Declaration of Michael Coffey ¶ 3.  Thus,

even if a six-year statute of limitation applies, Plaintiff Stephenson lacks standing

to bring a claim under the VRPA.  For this additional reason, the Complaint should

be dismissed with prejudice as to Plaintiff Stephenson.

## CONCLUSION

For these reasons, Guideposts respectfully requests that the Court grant this

Motion and dismiss Plaintiffs' First Amended Complaint with prejudice pursuant

to Fed. R. Civ. P. 12(b)(6).


Dated: January 11, 2022                    Respectfully submitted,


                                            /s/ Jeffrey Landis
                                           Jacob A. Sommer (DC Bar 494112)
                                           Jeffrey Landis (DC Bar 489567)
                                           ZWILLGEN PLLC
                                           1900 M Street NW, Suite 250
                                           Washington, DC 20036
                                           (202) 296-3585
                                           jake@zwillgen.com
                                           jeff@zwillgen.com

                                           David Anderson (P55258)
                                           COLLINS EINHORN FARRELL PC
                                           4000 Town Center, 9th Floor
                                           Southfield, MI 48075
                                           (248) 351-4141
                                           David.Anderson@ceflawyers.com

                                           *Attorneys for Defendant Guideposts*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, and that a copy was electronically served on all counsel of record via the ECF system.

  /s/ Jeffrey Landis
Jeffrey Landis (DC Bar 489567)

17